UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

I. STEPHEN RABIN,

                Plaintiff,

                v.

MONY LIFE INSURANCE COMPANY,

                Defendant.

06 Civ. 775 (LTS)(KNF)

```
┌──────────────────────────────┐
│ USDC SDNY                     │
│ DOCUMENT                      │
│ ELECTRONICALLY FILED          │
│ DOC #: _____         │
│ DATE FILED:  OCT 2 1 2009     │
└──────────────────────────────┘
```

LAURA TAYLOR SWAIN, DISTRICT JUDGE:

### Order

      Plaintiff I. Stephen Rabin ("Plaintiff") brings this putative class action against MONY Life Insurance Company ("MONY" or "Defendant"), asserting causes of action for: (1) breach of contract; (2) breach of fiduciary duty; (3) unjust enrichment; and (4) deceptive practices under New York General Business Law ("GBL") § 349.[1]  Plaintiff's claims arise from MONY's practice of making certain policy surrender disbursements by placing the funds in a "MONY Market" checking account in the former policyholder's name.  Plaintiff alleges that the disbursement method was not authorized by the insurance policies that he surrendered and that the interest rate paid on funds that he left on deposit on the account was inconsistent with the "competitive rate" promised by MONY.  He seeks damages measured by the difference between the interest rate paid and the rate(s) allegedly available on similar investments, as well as injunctive relief and attorneys' fees.  The amended complaint adequately avers that this Court has

---

[1]    The Court previously dismissed Plaintiff's claim for common law fraud and deceit. (Docket entry no. 30.)

jurisdiction over these claims pursuant to Section 1332(d) of the Judicial Code, 28 U.S.C. §
1332(d), as amended by the Class Action Fairness Act of 2005.

Currently before the Court are Plaintiff's motion for class certification and
Defendant's motion for summary judgment as a matter of law pursuant to Rule 56 of the Federal
Rules of Civil Procedure. The Court has reviewed thoroughly all of the parties' submissions and,
for the reasons that will be explained in a subsequent opinion, Defendant's motion for summary
judgment is granted. In light of the Court's ruling on Defendant's summary judgment motion,
the Court will not address Plaintiff's motion for class certification. See Encarnacion v. Astrue,
491 F. Supp. 2d 453, 459 (S.D.N.Y. 2007), aff'd 568 F.3d 72 (2d Cir. 2009). The conference
currently scheduled in this action for **Friday, October 23, 2009,** at **2:00 p.m.** is hereby
adjourned sine die. This Order resolves docket entry nos. 62 and 87.

SO ORDERED.

Dated: New York, New York
       October 21, 2009

LAURA TAYLOR SWAIN
United States District Judge